IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01335-PAB-MDB

JOHN CUNNINGHAM, and
DEVIN CUNNINGHAM,

    Plaintiffs,

v.

NATIONWIDE INSURANCE OF AMERICA,

    Defendant.

# ORDER

This matter is before the Court on Plaintiff John and Devin Cunnigham's [sic] Motion for Default Judgment Against Defendant. Docket No. 21. The Clerk of Court entered default against defendant on July 9, 2021. Docket No. 15. Because of the entry of default against defendant, the allegations in plaintiffs' complaint [Docket No. 1] are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Plaintiffs request a default judgment for a sum certain amount of $1,194,795.26. Docket No. 21 at 12.

## I. BACKGROUND

Plaintiffs own a home ("the Property") in Lafayette, Colorado. Docket No. 1 at 1, ¶ 1. Plaintiffs purchased a homeowner's policy from defendant to insure the Property, with a coverage period from December 11, 2018 to December 11, 2019. *Id.* at 2, ¶ 9. On or about July 5, 2019, the Property was damaged by a hailstorm. *Id.* at 3, ¶ 11. Plaintiffs timely filed an insurance claim with defendant. *Id.*, ¶ 12. Defendant inspected

the Property and after supplementing its initial estimate, provided plaintiffs with a final estimate of $48,840.78 as the replacement cost for the hail damage to the Property. *Id.* at 3-4, ¶¶ 16-20.

Plaintiffs hired a company to do an additional inspection of the Property. *Id.* at 4, ¶ 21. Plaintiffs' estimate for the damage to the Property was $367,193.76. *Id.*, ¶ 22. Defendant issued plaintiffs partial payment for the damage to the Property and partially denied plaintiffs' claim. *Id.* at 5, ¶ 28. Plaintiffs obtained a new estimate of $555,880.10 for damage to the Property. *Id.* at 6, ¶ 40. Defendant did not change its opinion on coverage of the Property after plaintiffs provided it with the new estimate. *Id.*, ¶ 41.

Plaintiffs bring claims against defendant for breach of contract, based on the homeowner's insurance policy plaintiffs purchased from defendant, *id.* at 7-8, ¶¶ 46-49, statutory bad faith, and common law bad faith. *Id.* at 8-9, ¶¶ 50-59. Plaintiffs served defendant at the Colorado Attorney General's office on June 2, 2021. Docket No 14 at 1. Defendant has not entered an appearance or responded to plaintiffs' complaint. Plaintiffs move for default judgment against defendant on all three of their claims. Docket No. 21 at 12.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v.*

*Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688.1 (4th ed. 2022). "Even after default, however, it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, a plaintiff must show the following in a motion supported by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, as relevant here, plaintiff must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount,

4

prejudgment interest, and the rate of postjudgment interest, and (4) the sum certain of attorney fees.  D.C.COLO.LCivR 55.1(b).

## III. ANALYSIS

### A. Jurisdiction

#### 1. Service of Process

Before default judgment may be entered, the Court considers whether it has subject matter and personal jurisdiction over the defendant.  *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court determines that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Plaintiffs' complaint alleges they are owed more than $75,000, thus satisfying the amount in controversy requirement.  *See* Docket No. 1 at 2, ¶ 6.  Plaintiffs allege that defendant is an Ohio corporation with its principal place of business in Iowa.  *See id.*, ¶ 5.  Plaintiffs allege that they are both citizens of Colorado.  *Id.* at 1-2, ¶¶ 2-4, 6.  The Court is satisfied plaintiffs have met their burden to show diversity of citizenship and that the Court has subject matter jurisdiction in this case.

Personal jurisdiction over the defendant is also required to enter default judgment.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).  Plaintiff has the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  The Court must find service

was proper before performing the personal jurisdiction analysis. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4 provides the rules for service of process. A defendant may be served by the means specified in the rule or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1).

The State of Colorado allows service of process on the Division of Insurance "as service on the company itself" for any claim against an insurance company. *Berggren v. Allstate Vehicle and Prop. Ins. Co.*, 2019 WL 13194900 at *3 (D. Colo. Aug. 29, 2019) (citing Colo. Rev. Stat. § 10-3-107). The proof of service in this case states that the summons was accepted by Spencer Shiplett, who is identified as "Administrative Assistant II, Colorado Office of the Attorney General." Docket No. 14 at 1. The process server indicated that on June 2, 2021 the Colorado Attorney General's Office accepted service for the Colorado Division of Insurance as the registered agent for Nationwide Insurance Company of America.[1] *See id.* The Court finds that service was sufficient.

### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its

---

[1] Although plaintiffs fail to explain why service on the Colorado Attorney General's Office is the equivalent of service on the Division of Insurance, the process server's claim that the Attorney General's Office accepted service for the Division of Insurance is plausible. On August 31, 2020, the Colorado Department of Regulatory Agencies authorized service upon the Attorney General's Office as a proper alternative to serving the Division of Insurance during the COVID-19 emergency. *See* https://doi.colorado.gov/covid-19-insurance (last visited Aug. 30, 2022). Service of the complaint here occurred during the pandemic.

burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). A court accepts the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id.*

Plaintiffs allege defendant sold plaintiffs, Colorado residents, a homeowner's policy covering a Colorado property, Docket No. 1 at 1, 2, ¶¶ 2-4, 9, and that this is enough to confer jurisdiction. Docket No. 21 at 3. The Court agrees that this is sufficient to demonstrate that the Court has personal jurisdiction over defendant. *See Millman v. State Farm Fire & Cas. Co.*, No. 21-cv-00036-CMA-NYW, 2021 WL 3206308, at *2 (D. Colo. July 29, 2021); *Mordhorst Cleaning, LLC v. Allstate Ins. Co.*, No. 21-cv-02678-DDD-SKC, 2021 WL 6125404, at *1 (D. Colo. Dec. 28, 2021).

### B. Breach of Contract

Plaintiffs move for default judgment on their breach of contract claim. Docket No. 21 at 7-9. As an initial matter, the Court notes that, because jurisdiction is based on diversity, the Court applies Colorado's substantive law. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995); *Boyd Rosene & Assocs., Inc. v. Kan. Mun.*

*Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (noting that, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), a federal court sitting in diversity applies the substantive law of the forum state).  Under Colorado law, plaintiffs must establish four elements to make out a claim for breach of contract: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Spring Creek Expl. & Prod. Co. v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018) (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

To support this claim, plaintiffs allege they entered into a contract with defendant by purchasing a homeowner's policy.  Docket No. 1 at 7, ¶ 44; Docket No. 21 at 7-8. The Court agrees that an insurance policy is a contract under Colorado law.  *See Chacon v. Am. Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990). ("An insurance policy is a contract, which should be interpreted consistently with the well-settled principles of contractual interpretation.").  Plaintiffs allege they "paid premiums and otherwise performed all conditions precedent to recover benefits" under their contract with defendant.  Docket No. 1 at 7, ¶ 48.  Plaintiffs allege defendant "failed to pay all benefits owed" to plaintiffs, *id.* at 6, ¶ 42, and that this failure to pay and to investigate plaintiffs' claim was a breach of the parties' contract.  *Id.* at 7-8, ¶ 48.  Finally, plaintiffs allege they were damaged by defendant's breach.  *Id.* at 8, ¶ 49.  Taking these allegations as true, the Court finds that plaintiffs have successfully pled each element of a breach of contract claim.

### C. Statutory Bad Faith

Under Colorado law, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party." Colo. Rev. Stat. § 10-3-1115(1)(a). Similarly, § 10-3-1116 states that "[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1). An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2).

Plaintiffs allege that defendant unreasonably failed to pay plaintiffs all the benefits they were owed under their policy and that they have suffered $555,880.10 in damages. Docket No. 1 at 6, ¶¶ 40-42. Plaintiffs state that they provided notice to defendant of the claim under the policy. *Id.* at 3, ¶ 12. Plaintiffs allege that defendant failed to account for updated reports on the amount of damages plaintiffs suffered, delayed the investigation of the claim by requesting redundant documents, failed to respond to plaintiffs' emails and correspondence concerning their clam in a timely manner, and relied on biased adjusters to undervalue plaintiffs' claim. *Id.* at 7, ¶ 44. The Court finds these allegations sufficient to allege a plausible claim that defendant unreasonably delayed or denied payment of plaintiffs' contractual rights to benefits under their homeowner's policy pursuant to Colo. Rev. Stat. § 10-3-1115.

### D. Common Law Bad Faith

Plaintiffs claim that defendant breached its common law duty of good faith for the same conduct at issue in the statutory claim. Docket No. 1 at 9, ¶¶ 55-59. To show common law bad faith in a first-party claim, the insured must prove (1) that the insurer acted "unreasonably under the circumstances" and (2) that "the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Goodson v. Am. Std. Ins. Co. Of Wis.*, 89 P.3d 409, 415 (Colo. 2004). Plaintiffs allege the policy obtained from defendant provided coverage for their damages that defendant did not pay. Docket No. 1 at 9, ¶ 56. Plaintiffs allege defendant acted unreasonably in failing to compensate plaintiffs for all the reasons stated above. *See id.* at 7, ¶ 44. Plaintiffs also allege defendant acted knowingly and refused to acknowledge plaintiffs' estimates of the damage plaintiffs sustained. *Id.* at 9, ¶ 58. Plaintiffs claim that their adjustor did not just disagree with defendant's estimate; the adjustor also provided defendant with specific deficiencies and oversights in defendant's estimate. *Id.* at 5, ¶ 33. Plaintiffs state that defendant did not address these deficiencies and refused to change its estimate. *Id.*, ¶ 34. The Court finds these allegations sufficient to allege a common law bad faith claim.

### E. Damages

While the Court accepts the well-pleaded facts of the complaint as true on a motion for default judgment, allegations relating to the amount of damages are generally not accepted as true. *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *6 (D. Colo. June 8, 2015), *report and*

*recommendation adopted*, 2015 WL 4162586 (D. Colo. July 9, 2015).  Instead, the court must hold a hearing on the damages claimed before entering default judgment, unless "the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc*., 770 F.2d 145, 148 (10th Cir. 1985).

Plaintiffs request $1,194,795.26 in damages as a sum certain.  Docket No. 21 at 12.  To obtain a default judgment for a sum certain, plaintiffs must show the following by way of affidavit.  First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance.  D.C.COLO.LCivR 55.1(a)(1).  Second, the affidavit must show that the sum is certain or the sum can be made certain by computation.  D.C.COLO.LCivR 55.1(a)(2).  Additionally, as relevant here, plaintiffs must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of postjudgment interest, and (4) the sum certain of attorney fees.  D.C.COLO.LCivR 55.1(b).  Plaintiffs have not included an affidavit that addresses the information required under D.C.COLO.LCivR 55.1(a)(1) or (a)(2).  Plaintiffs also fail to include a proposed form of judgment.  Plaintiffs argue the Court may rely on affidavits or documentary evidence in determining the amount of damages, but provide no argument to support the idea that a party may move for default without an affidavit providing the information required by the Local Rules.  *See* Docket No. 21 at 6.

The Court finds that plaintiffs have failed to properly support their request for an award of sum certain damages.  The Court will therefore deny their motion.  Plaintiffs

may file a new motion, in compliance with the Local Rules, that sets forth, with precision, the amount of damages they claim they are owed.

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff John and Devin Cunningham's Motion for Default Judgment Against Defendant [Docket No. 21] is **DENIED** without prejudice.

DATED August 30, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge